**Opinion filed February 19, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-14-00331-CV

_____

## IN RE TWO THOUSAND NINE HUNDRED AND ELEVEN DOLLARS AND TWENTY FIVE CENTS U.S. CURRENCY AND JERRY DEWITT SMITH

**Original Mandamus Proceeding**

## MEMORANDUM OPINION

Relator, Jerry Dewitt Smith, has brought a mandamus action against the Honorable George D. "Jody" Gilles, Judge of the 142nd District Court of Midland County, Texas. He alleges that Judge Gilles has not ruled on several motions, including a motion for summary judgment filed by the State on July 30, 2007; a motion to dismiss summary judgment filed by Relator on December 29, 2010; a motion for return of property filed by Relator on August 8, 2011; and a motion for summary judgment filed by Relator on September 10, 2012.

In an order dated January 22, 2015, we requested the real party in interest, the State of Texas, to file a response to Relator's petition for writ of mandamus.

The real party in interest filed a response on February 6, 2015, in compliance with our order, and asserted that the trial court had ruled on the motions at issue since the time Relator filed his petition for writ of mandamus. The real party in interest attached seven orders entered by the trial court on February 3, 2015. Specifically, six of the seven orders denied the following relief that Relator sought in the trial court: (1) Relator's motion to dismiss summary judgment filed on December 29, 2010; (2) Relator's letter request to participate in the final hearing filed on January 7, 2011; (3) Relator's motion to comply pursuant to motion for final hearing filed on April 4, 2011; (4) Relator's motion for return of property pursuant to motion for final hearing filed on August 8, 2011; (5) Relator's motion for final hearing filed on January 31, 2012; and (6) Relator's motion for summary judgment filed on September 10, 2012. In the seventh order attached to the response, the trial court granted the State's July 30, 2007 motion for summary judgment.

The four motions that Relator specifically directs us to in his petition for writ of mandamus, two of which he attached to his petition, have been ruled upon by the trial court as shown by the real party in interest. Therefore, the relief requested by Relator has now occurred, and the issue presented in Relator's petition is moot.

We deny Relator's petition for writ of mandamus.

PER CURIAM

February 19, 2015
Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

2